# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TERRY THOMPSON, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. ELH-18-3673 |
| WARDEN, | * | |
| Defendant | * | |

## MEMORANDUM

On November 28, 2018, plaintiff Travis Terry, a self-represented Maryland prisoner, filed a Motion for Temporary Restraining Order and/or Preliminary Injunction, which was opened as a civil rights complaint. ECF 1. He alleged that his prescriptions for Baclofen and unspecified asthma medications were discontinued. *Id.* Given the serious matters raised in plaintiff's Complaint, I directed counsel for the Maryland Department of Public Safety and Correctional Services ("DPSCS") to show cause why relief should not be granted. ECF 2.

In response to this Court's Order to Show Cause, counsel for the DPSCS filed a response, supported by verified medical records. DPSCS contends that Thompson is not entitled to a preliminary injunction. ECF 6. Plaintiff filed an opposition (ECF 7), along with an exhibit.

The matter is now ripe for review. The Court finds a hearing unnecessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons that follow, plaintiff's request for preliminary injunctive relief shall be denied. Because that is the sole basis for his suit, the Complaint shall be dismissed, without prejudice.

I. **BACKGROUND**

A. Plaintiff's Allegations

Plaintiff was detained in the Maryland Correctional Institution-Hagerstown from August,

2016 to October 6, 2017. During that time he was prescribed Baclofen, a muscle relaxer, twice daily. He also received Naproxen/Naprosyn. He states that he received the medication due to an injury he sustained when he was incarcerated at the Upper Marlboro Detention Center. ECF 1 at 1.

On October 6, 2017, plaintiff was transferred to the Maryland Correctional Training Center. *Id*. At that time, his morning dose of Baclofen was discontinued. *Id*.

On January 23, 2018, plaintiff was evaluated by Dr. Nimely for asthma and for medication refills. *Id.* The doctor asked plaintiff why he was prescribed Baclofen and Naproxen. Plaintiff shared with Dr. Nimely his medical records and explained his injuries. *Id*. at 2. Dr. Nimely indicated that plaintiff did not need to take Baclofen in the morning but kept plaintiff on his nightly doses of Naproxen and Baclofen. *Id*. Disagreeing with this decision, plaintiff completed an inmate grievance form complaining about the discontinuation of his morning medication, recounting that he suffered from stiffness in the morning as well as an aching neck. *Id.* But, he did not receive a response. *Id*.

Plaintiff was next seen on April 13, 2018, by Dr. Yvette, for his asthma and medication refills. Plaintiff explained to Dr. Yvette that Dr. Nimely had discontinued the morning prescription for Baclofen and that he awoke stiff and achy. He asked to be placed back on the morning dose, but Dr. Yvette declined, indicating "he will be wrong by going against what Dr. Nimely order [sic] or proscribed [sic]." *Id*.

On October 29, 2018, plaintiff was again seen for his asthma and a medication refill of Baclofen and Naproxen. *Id*. He was asked how long he suffered from asthma and why he was prescribed Baclofen and Naproxen. Plaintiff advised that he used the asthma pump when he got

sick and showed the doctor medical records of the injuries he sustained. The unnamed doctor discontinued plaintiff's evening dose of Baclofen as well as the asthma pump. The doctor advised plaintiff that she believed plaintiff had outgrown his asthma and there were no records showing the injuries plaintiff suffered at the Upper Marlboro Detention Center. ECF 1 at 2.

Plaintiff indicates that, as a result of the foregoing, "every morning he wakes up stiff and aching because the mattress that the institution provide[s] is uncomfortable and the Naproxen does not work for the stiffness and the aching in his neck." *Id*. at 3. He asks the court to "grant[] this T.R.O." *Id.*

   B.  Medical Records

Plaintiff's medical records indicate that during his incarceration he has received ongoing chronic care medical treatment for asthma as well as back and spine injuries related to both a childhood car accident and an altercation with Prince George's County Detention Center correctional officers in September of 2015. ECF 6-1.

On December 19, 2016, plaintiff was prescribed Baclofen[1] and Naprosyn/Naproxen by medical staff, due to his complaints of neck pain. ECF 6-1 at 6-8. At that time he also had an active prescription for ibuprofen. *Id*. at 7.

On January 23, 2018, plaintiff's prescription for Baclofen was reduced from twice daily to once a day, as needed. ECF 6-1 at 84-85. The doctor discussed with plaintiff the treatment of chronic neck pain, and plaintiff was encouraged to follow an exercise program. *Id*. at 85. Plaintiff was also instructed to take Baclofen as needed, but not daily. *Id*.

---

[1] It appears that in 2017, plaintiff was prescribed Robaxin instead of Baclofen for several months. Ultimately, the prescription for Baclofen was reinstated at plaintiff's request. ECF 6-1 at 94-98.

Plaintiff was seen by Nurse Practitioner Yvette Ledjo on April 13, 2018. ECF 6-1 at 78. It was noted that plaintiff had been seen by another provider who was weaning plaintiff from Baclofen. Plaintiff requested that his dose be increased but Ledjo advised him to continue his current dose. *Id*. During a chronic care visit on April 25, 2018, plaintiff again requested that his Baclofen dosage be increased to twice a day. ECF 6-1 at 75. He was again educated about the side effects of medication and encouraged to continue his current dose. *Id*.

On July 26, 2018, plaintiff was counselled to take only Naprosyn/Naproxen, and the Baclofen when he was symptomatic for pain. ECF 6-1 at 56. Additionally, the doctor discussed with plaintiff chronic pain management for injuries that he sustained three years ago. *Id*. at 56-57.

During a chronic care visit on October 29, 2018, medical staff advised plaintiff that the use of Baclofen was not indicated for his chronic condition and the prescription was discontinued. *Id*. at 42. He was instructed to increase his activity level, and his prescription for Naproxen/Naprosyn was continued. *Id*. at 43 The provider also discussed with plaintiff his asthma. Plaintiff reported that he only used his inhaler when exercising and denied suffering any shortness of breath or wheezing over the last five years. Accordingly, he was discharged from the respiratory chronic care clinic. *Id*. at 42-43

Plaintiff was evaluated on December 12, 2018, after he became dizzy while exercising. ECF 6-1 at 30. Plaintiff reported that he thought he had overworked himself. *Id*.

On February 11, 2019, plaintiff was seen by Dr. Nimely. Plaintiff reported that he had not used his albuterol inhaler for over three months and his symptoms had improved. ECF 6-1 at 9. Dr. Nimely described plaintiff's asthma as "mild intermittent." It was also noted that plaintiff's complaints of chronic low back pain had improved, and that plaintiff denied any functional

4

limitations. At that time, plaintiff was taking Naprosyn/Naproxen two times or less each week. *Id*. at 9. His prescription for Naprosyn/Naproxen was continued. *Id*. at 10.

## II.     DISCUSSION

A preliminary injunction is an extraordinary and drastic remedy. *See Munaf v. Geren,* 553 U.S. 674, 689-90 (2008). A party seeking a preliminary injunction or temporary restraining order must establish the following elements: (1) a likelihood of success on the merits; (2) a likelihood of suffering irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the party's favor; and (4) why the injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *The Real Truth About Obama, Inc. v. Federal Election Comm'n*, 575 F.3d 342, 346-47 (4th Cir. 2009). As to irreparable harm, the movant must show the harm to be "neither remote nor speculative, but actual and imminent." *Direx Israel, Ltd. v. Breakthrough Medical Group,* 952 F.2d 802, 812 (4th Cir. 1991) (citation omitted).

In the prison context, courts should grant preliminary injunctive relief involving the management of correctional institutions only under exceptional and compelling circumstances. *See Taylor v. Freeman*, 34 F.3d 266, 269 (4th Cir. 1994). "Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with [the Supreme Court's] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22 (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)).

Plaintiff has not sustained his burden of demonstrating that his requested injunctive relief is warranted. Indeed, the record, viewed most favorably to plaintiff, does not demonstrate that he is likely to suffer irreparable harm in the absence of a preliminary injunction. Plaintiff is receiving

regular medical care, has an active prescription for analgesic pain medication, and, since the discontinuation of Baclofen and his asthma medication, he has reported improvement in his conditions.

Plaintiff has also failed to establish a likelihood of success on the merits. Subjectively, the discontinuation of plaintiff's medications did not amount to an act or omission "for the very purpose of causing harm or with knowledge that harm will result." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). It does not appear that correctional or medical staff have exhibited a callous disregard for a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976). Rather plaintiff is seen regularly by medical staff who have acted to manage his chronic conditions. On these facts, viewed most favorably to plaintiff, he cannot demonstrate that the changes in his prescriptions were the product of a callous disregard for a serious medical need.

The procedural posture of this case is that plaintiff solely requested injunctive relief. ECF 1. That request shall be denied. Because the denial of plaintiff's request for injunctive relief resolves the only issue before the Court, the Clerk will be directed to close this case.

A separate Order follows.


May 29, 2019                           /s/
Date                                    Ellen L. Hollander
                                          United States District Judge